**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN M. NAKHLA,** | : | **CRIMINAL NO. 1:26-PO-4** |
| | : | |
| **Appellant,** | : | |
| **v.** | : | **(Judge Neary)** |
| | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Appellee** | : | |

**MEMORANDUM**

This case presents the relatively rare situation of an appeal of a misdemeanor conviction made in petty offense court. *Pro se* appellant John M. Nakhla asks this court to review a conviction for disorderly conduct made by Magistrate Judge Susan E. Schwab in a petty offense bench trial. As discussed below, because Nakhla has failed to identify a legal basis for this court to overturn his conviction and because Judge Schwab did not clearly err in rendering factual determinations, the court will affirm the conviction.

## I. Introduction

### A. Factual Background

The underlying incident occurred on December 31, 2025. (Doc. 1 at 3). Nakhla was working as a pharmacist at the Veteran's Affairs medical center ("VA") in Lebanon County, Pennsylvania. (Doc. 9 at 2). The incident arose from Nakhla's interaction with a patient who Nakhla perceived to be aggressive and threatening. (Doc. 8 at ECF 1). The interaction escalated into a verbal confrontation and Nakhla activated the VA's designated emergency alert system. (Id.). Ultimately, Nakhla was

issued a citation for disorderly conduct. (Doc 3-1 at ECF 6). The officer who issued the citation explained he did so because Nakhla was physically separated (and so, protected,) from the patient in question and had the ability to request police assistance without resorting to the emergency alert system. (Id.). That system necessarily forces an "emergency mode" response and, in this instance, that interrupted the functioning of the pharmacy and prevented its normal operation. (Id.). The officer felt Nakhla "falsely activated the emergency response system" and so cited Nakhla for disorderly conduct. (Id.).

### B. Procedural Background

Nakhla was issued a citation on December 31, 2025. (Doc. 1 at 1). On March 18, 2026, Nakhla appeared in petty offense court before Magistrate Judge Schwab and pleaded not guilty to the citation. (Doc. 4). Judge Schwab then held a trial, where police officer Michael Pizarro was the lone witness. (Doc. 3). Judge Schwab, acting as factfinder, found Nakhla guilty of the offense charged. (Doc. 6). Nakhla immediately filed an appeal. (Doc. 5).

## II. Standard of Review

In the federal judicial system, petty offenses and misdemeanors are governed by Federal Rule of Criminal Procedure 58. Specifically, Rule 58(g)(2) governs the appeal of a conviction made by a magistrate judge. FED. R. CRIM. P. 58(g)(2). That rule explains, among other things, that a defendant may appeal a magistrate judge's judgment of conviction or sentence within 14 days of its entry, and the appeal is then heard by the district court. The record of the proceedings must be made available for

review, and the scope of the appeal is "the same as in an appeal to the court of appeals from a judgment entered by a district judge." FED. R. CRIM. P. 58(g)(2)(B)-(D); see also, 18 U.S.C. § 3402 ("In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed.").

The standard of review when appealing a criminal conviction resulting from a bench trial is well established: "de novo review to the legal determinations made by the [magistrate judge] and review [her] factual findings for clear error." Armann v. McKean, 549 F.3d 279, 285 n.7 (3d Cir. 2008) (citing Chadwick v. Janecka, 312 F.3d 597, 605 n. 6 (3d Cir.2002)). The standard for clear error is that the court is "left with a definite and firm conviction that a mistake has been committed." Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972) (quoting Speyer, Inc. v. Humble Oil and Refining Co., 403 F.2d 766, 770 (3d Cir. 1968). The Third Circuit Court of Appeals explained under that standard, a judge's findings should not be disturbed unless the finding "(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." United States v. Antoon, 933 F.2d 200, 204 (3d Cir.1991) (quoting Krasnov, 465 F.2d at 1302). Importantly, this high bar means a reviewing court should affirm even if, had it been considering the issue on first impression, it "might not have reached the same conclusion." United States v. Asan, No. 13–CR–0224, 2014 WL 948854, at *4 (D.N.J. Mar. 10, 2024).

**III. Discussion**

Nakhla's *pro se* appeal raises a few distinct issues. First, Nakhla disputes the appropriateness of the underlying violation, arguing he previously used the emergency alert system in similar ways without issue and that his use of the system aligned with his training. (Doc. 8 at 2). He also disputes many of the facts attested to by the trial witness. (Id.). Finally, he states that he felt his trial was unfair, as the "proceedings appeared rushed," and his testimony and evidence were, in his view, not "fully considered" by Judge Schwab. (Id.). The court concludes these allegations amount to challenges to factual findings by Judge Schwab and will consider them collectively under the "clear error" standard of review discussed above.

To demonstrate clear error, the court must find there was no evidentiary support for Judge Schwab's conclusions, or that the evidence bears no rational relationship to her conclusions. Neither standard is satisfied by Nakhla's allegations here. Judge Schwab apparently found the police witness in this matter to be credible, and that testimony clearly supports the conviction at issue here and bears a rational relationship to the ultimate conviction. Nakhla's own perception of the facts as different from the officer's does not suffice to show the officer lacked credibility, nor that the officer's perception of the facts was unreasonable or irrational. Therefore, even assuming *arguendo* this court would have credited Nakhla's version of the facts, there is nothing indicating Judge Schwab's fact-finding was erroneous.

Because there has not been a showing of clear error, the court will not disturb the conviction as found by Magistrate Judge Schwab.

**IV. <u>Conclusion</u>**

A criminal conviction, even a misdemeanor conviction out of a petty offense court, is a solemn and powerful judgment imposed by the factfinder. It is not lightly overturned. Where the basis for appeal fails to identify a legal error, the bar for winning appeal based only on the facts is very high and cannot typically be cleared by merely stating that the appellant believes the fact-finder's interpretation of the evidence was wrong. That is all the appellant offers here, and so the conviction will be affirmed.

An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 9, 2026